UNITED STATES DISTRICT COURT            NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

DAWSON COLEMAN on behalf himself and
THECLA F. COLEMAN,[1]

                               Plaintiffs,            ORDER
                     - versus -                               12-CV-2118

J.P. MORGAN CHASE, N.A. and JUSTICE
MARSHA L. STEINHARDT,

                               Defendants.

JOHN GLEESON, United States District Judge:

        Plaintiff Dawson Coleman ("Dawson"), proceeding on his own behalf and on behalf of his wife, Thecla F. Coleman ("Thecla"), brings this *pro se* action for damages against J.P. Morgan Chase, N.A. ("JPMC") and Justice Marsha L. Steinhardt of the Supreme Court of the State of New York. Dawson seeks permission to proceed *in forma pauperis*, which I grant solely for the purpose of this Order. For the reasons discussed below, I dismiss the Complaint.

DISCUSSION

        As an initial matter, although Dawson purports to bring this action on behalf of Thecla, a layperson "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1997). I thus dismiss the Complaint as to Thecla without prejudice to refile if Thecla proceeds *pro se* or with proper representation. With respect to Dawson, construing the Complaint liberally, as I must in any *pro se* action, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I understand the Complaint to seek monetary damages against JPMC for initiating, without the right to do so, foreclosure proceedings against Thecla. I also

---

[1] Because it is clear from the Complaint that Dawson Coleman intends to name himself as a party, the caption is amended herein to so reflect.

understand the Complaint to seek money damages against Steinhardt for her conduct in presiding over the foreclosure proceedings brought by JPMC against Thecla.

Because the Complaint fails to allege a basis for subjection matter jurisdiction, I must dismiss the Complaint. *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1237 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists."). The Complaint alleges neither a claim arising under federal law nor complete diversity of the parties. Indeed, although the Complaint supplies workplace addresses for the defendants, it fails to identify their citizenship. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted)).[2] The Court therefore cannot assert jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 or § 1332 or upon any other basis.[3]

The Complaint is accordingly dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: May 9, 2012
Brooklyn, New York

---

[2] As far as the Court can tell, both Dawson and Steinhardt are citizens of New York. However, the Complaint is dismissed without prejudice to refile if Dawson has a good-faith belief that he and Steinhardt are indeed diverse.

[3] There are numerous other defects in the Complaint. As just one example among many, the claim against Steinhardt for acts taken in her capacity as a judge is indisputably barred by absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).